UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMANDA U. AJULUCHUKU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-0732 (EGS) |
| ) | Document Nos.  5, 13 |
| ROBERT SCOTT OSWALD, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Plaintiff alleges that defendant discriminated against her based on disability, race and gender during her temporary employment at defendant's law firm.  Defendant, who disputes whether plaintiff was an employee, moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  Defendant moves separately for a motion to enjoin plaintiff from filing new actions against him and his privies without leave of court.  Upon consideration of the parties' submissions and the entire record, the Court will grant the motion to dismiss and deny the motion to enjoin future actions.

*1.  Motion to Dismiss*

Plaintiff invokes Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*., and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.[1]  Before suing under either Act, an aggrieved employee must exhaust administrative remedies.  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (Title VII);  42 U.S.C. § 12117(a) (ADA incorporating Title VII's enforcement procedures set forth at 42 U.S.C. § 2000e- 5).  "Failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction."  *Artis v.*

---

[1]  Defendant asserts correctly that individuals cannot be sued under these statutes.  To the extent plaintiff is suing Robert Scott Oswald in his individual capacity, she fails to state a claim upon which relief may be granted.

*Greenspan*, 223 F. Supp.2d 149, 152 (D.D.C. 2002) (citation omitted).  Plaintiff concedes that she did not exhaust her administrative remedies.  Pl.'s Opp. at 2 ¶ 8.  Defendant's motion will be granted on this ground.  Defendant asserts that the complaint should be dismissed with prejudice because the time for plaintiff to exhaust has run.  He is correct.  Title VII requires the bringing of an administrative charge 300 days from the alleged unlawful practice.  *See* 42 U.S.C. § 2000e-5(e)(1).  Here, the unlawful acts are alleged to have occurred between 2001 and October 2003. Pl.s Opp. at 2 ¶ 2.  Plaintiff claims that she has three years "to bring about a discrimination lawsuit against Defendant." *Id*.  She is mistaken.  Any administrative charges stemming from the alleged discrimination ending in October 2003 would be untimely.  The Court therefore will dismiss the case with prejudice.

2.  Motion to Enjoin Filings

Defendant seeks an order pursuant to Fed. R. Civ. P. 11 to enjoin plaintiff from filing any new actions against him and his privies. A Rule 11 sanction is "limited to what is sufficient to deter repetition" of the offending conduct. Fed. R. Civ. P. 11(c)(2).  Here, defendant appears to seek to deter plaintiff from filing what he views as frivolous lawsuits. The motion provides ample support for consideration of such an order with respect to plaintiff's filings in general but not specifically to defendant.  Defendant reasonably describes plaintiff as a "serial litigator."  He, however, has had to answer to just one of two complaints. The Court dismissed the only other case filed here against defendant before issuance of summons.  *See Ajuluchuku v. Noto & Oswald*, Civ. Action No. 05-1518 (D.D.C., Jul 29, 2005) (dismissing case with prejudice pursuant to 28 U.S.C. § 1915(e)).  Because this case is being dismissed with prejudice, any future lawsuits naming defendant or his law firm may be resolved quickly under the doctrine of *res judicata* and, at least in this Court*,* likely before a

3

summons is issued.  Should defendant be required to answer another of plaintiff's lawsuits, he may seek to recover fees and costs and/or file a counterclaim.

For the preceding reasons, defendant's motion to dismiss the complaint for failure to exhaust administrative remedies is granted.  Defendant's motion to enjoin future actions against him and related parties is denied.  A separate Order accompanies this Memorandum Opinion.

                SIGNED: EMMET G. SULLIVAN
                UNITED STATES DISTRICT JUDGE

DATE: February 10, 2006